UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DURONE JAMAL SANDERS

    Plaintiff,

v.

                                      Case No: 4:15-cv-10726
                                      Honorable Linda V. Parker

OAKLAND COUNTY,
SHERIFF MICHAEL J. BOUCHARD,
and DETECTIVE MARK FERGUSON,

    Defendants.
_____

**OPINION AND ORDER DENYING DEFENDANT FERGUSON'S MOTION TO CORRECT RECORD [ECF NO. 75]**

### I.    Introduction

This is a civil action under 42 U.S.C. §§ 1983 and 1988 arising from alleged civil rights violations involving Plaintiff Durone Jamal Sanders ("Plaintiff") and Defendants Oakland County, Sheriff Michael J. Bouchard ("Defendant Bouchard"), and Detective Mark Ferguson ("Defendant Ferguson") (collectively "Defendants"). Plaintiff is seeking monetary damages based on violations of his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution and corresponding provisions of the Michigan Constitution, including false arrest, imprisonment, and malicious prosecution. (ECF No. 1.)

1

Defendant Ferguson filed a motion for protective order on July 22, 2016, seeking to protect the identities of the two confidential informants from becoming public through the course of this litigation. (ECF No. 42 at Pg ID 215.) All Defendants joined in the motion. (ECF No. 43.) This Court issued an Order Granting Defendants' Motion for Protective Order on November 15, 2016. (ECF No. 74.) On November 22, 2016, Defendant Ferguson filed a motion to correct the record based on statements made in this Court's order granting the protective order. (ECF No. 75.)

For the reasons that follow, the Court is denying Defendant Ferguson's motion to correct the record.

## II. **Background**

This action arises from alleged violations of Plaintiff's civil rights. (ECF No. 1). On July 22, 2016, Defendant Ferguson, later joined by the remaining Defendants, filed a motion for protective order requesting that this Court protect the identities of two confidential informants. (ECF No. 42.) On November 15, 2016, this Court issued an order granting Defendants' motion. (ECF No. 74.)

On November 22, 2016, Defendant Ferguson filed a motion to correct the record based on four factual statements in the Court's order. (ECF No. 75.) As support for each statement, the Court relied on statements made in Plaintiff's complaint. (*See* ECF No. 75.) Defendant Ferguson asserts that the four statements

are factually incorrect, and relies on exhibits provided in Defendant Ferguson's motion for summary judgment.  (ECF No. 46.)  Defendant Ferguson's motion for summary judgment was filed on July 28, 2016—six days after Defendant Ferguson filed his motion for protective order.  (ECF Nos. 42, 46.)

### III.   Legal Standard

Federal Rule of Civil Procedure 60(a) provides the Court authority to correct clerical mistakes, oversights, and omissions.  Rule 60(a) states:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).

### IV.   Analysis

First, the Court clarifies that it did not intend to make findings of fact in its order granting Defendant Ferguson's motion for protective order.  Rather, the Court relied on the facts as presented by the parties in their briefs related to the protective order and filings made before the motion for protective order.

Defendant Ferguson raises concern with four factual statements made in the order granting Defendant Ferguson's protective order.  For each factual statement, Defendant relies on exhibits to his summary judgment motion to support his claim that the factual statements are untrue.  (ECF No. 75 at Pg ID 1295-96, 1298-99.)

3

Defendant also relied on deposition testimony of confidential informant #1 and Plaintiff. (*Id.* at Pg ID 1299.) The Court did not rely on the summary judgment briefs and related exhibits in issuing its decision on the protective order because the summary judgment briefs were filed after the motion for protective order.

Further, as Defendant notes, these factual matters do not affect the holding of the protective order. (*Id.* at Pg ID 1293.)

### **Conclusion**

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Correct the Record (ECF No. 75) is **DENIED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 5, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 5, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager